CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 17 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:14-cr-00013 |
| | ) | |
| v. | ) | |
| | ) | |
| CARRIE ANN HART, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

The court sentenced Carrie Ann Hart in November 2014, and she did not appeal. Before the court is Hart's second motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 794 to the United States Sentencing Guidelines (the "Motion").[1] ECF No. 36. Hart appeals to United States v. Carbajal, 717 F. App'x 234 (4th Cir. 2018), an unpublished Fourth Circuit that reversed and remanded a court's denial of a minor-role adjustment. Hart's Motion seeks the same treatment here.

The Fourth Circuit has previously held that "a defendant may rely on a clarifying or hybrid amendment to support a § 3582(c)(2) motion, so long as the amendment has been designated for retroactive application." United States v. Goines, 357 F.3d 469, 480 (4th Cir. 2004). But the Sentencing Commission did not make Amendment 794 retroactive. U.S.S.G. § 1B1.10(d); see also United States v. McNeill, 671 F. App'x 67, 68 (4th Cir. 2016) (finding that "Amendment 794 cannot be given retroactive effect in a § 3582(c)(2) proceeding" because Section 1B1.10(d) "does not include Amendment 794"); United States v. Price, Crim No. ELH-13-0364, 2017 WL 2797490, at *2 (D. Md. June 27, 2017) ("Although Amendment 794 applies retroactively in direct appeals . . . , the Sentencing Commission did not make Amendment 794

---

[1] Amendment 794 concerns the commentary to United States Sentencing Guideline § 3B1.2 about being a "minor participant" in criminal activity.

retroactively applicable on collateral appeal."). Because Hart was sentenced before Amendment 794, that Amendment is not relevant to her sentencing.

Moreover, it is clear from the face of the Statement of Facts, ECF No. 10, which Hart agreed was "true and accurate," that Hart would not be eligible for a minor-role reduction. Belying any argument that she played a minor role, Hart made myriad trips to Baltimore to receive heroin, including receiving heroin directly from the source. Moreover, she fronted quantities of heroin to her boyfriend. As opposed to a minor-role adjustment, fronting drugs to other coconspirators can suggest a leadership role and the attendant sentencing enhancement. See United States v. Gamboa, 712 F. App'x 263, 263 (4th Cir. 2018); United States v. Collins, 715 F.3d 1032, 1039 (7th Cir. 2013); United States v. Garcia-Hernandez, 530 F.3d 657, 665 (8th Cir. 2008).

Accordingly, Hart's Motion will be **DENIED**. An appropriate Order will be entered.

Entered: 05-16-2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge